OPINION
Defendant, Joel D. Lewis, appeals from a June 7, 1999 determination of the Franklin County Court of Common Pleas finding him to be a sexual predator.
On September 25, 1992, defendant was indicted and charged with one count of felonious sexual penetration, in violation of former R.C. 2907.12, and one count of gross sexual imposition, in violation of R.C. 2907.05. Both counts alleged that the defendant purposely compelled the victim to submit by force or threat of force, and that the victim was less than thirteen years of age.
The defendant was tried before a jury on June 1, 1993. Following deliberations, the jury found defendant guilty of both counts charged in the indictment. On June 7, 1993, the trial court merged the second count of the indictment with the first, and sentenced defendant to life imprisonment. Defendant's conviction was reversed by this court on April 28, 1994. State v.Lewis (Apr. 28, 1994), Franklin App. No. 93AP-911, unreported. On remand, defendant pled guilty to the lesser included offense of attempted felonious sexual penetration. Defendant was then re-sentenced to three to fifteen years to be served with the Ohio Department of Rehabilitation and Correction.
After the enactment of H.B. 180, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator subject to the registration and notification requirements set forth in R.C. Chapter 2950. Based upon that recommendation, on June 8, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09. At the conclusion of that hearing, the trial court found defendant to be a sexual predator. Defendant now appeals raising the following two assignments of error:
 [I.] The trial court committed reversible error by conducting a hearing in violation of the minimal standards of procedural due process required by the Fourteenth Amendment to the United States Constitution and Section 15, Article I of the Ohio Constitution, and contrary to the procedure set forth in R.C. 2950.02
 [II.] The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
R.C. Chapter 2950 sets forth two types of sex offenders; habitual sex offenders and sexual predators. R.C. 2950.01. A habitual sex offender is an individual who has been convicted of, or pleaded guilty to, a sexually oriented offense, and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses. R.C. 2950.01(B). A sexual predator, however, is an individual who has been convicted of, or pleaded guilty to, committing a sexually oriented offense, and who is likely to commit in the future one or more sexually oriented offenses. R.C. 2950.01(E).
By definition, sexual predators are those individuals most likely to re-offend. As such, they are subject to the most stringent registration and notification requirements set forth in R.C. Chapter 2950. State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, a finding that an offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(B)(3).
A trial court must hold a hearing to determine whether an offender is a sexual predator. R.C. 2950.09. At the hearing, both the offender and the prosecutor have the opportunity to testify, present evidence, and examine witnesses. The offender is also entitled to be represented by counsel, and both the offender and the prosecutor may appeal the trial court's determination of sexual predator status.
When determining whether an offender is a sexual predator, a trial court must consider all relevant factors, including but not limited to those set forth in R.C.2950.09(B)(2)(a) through (j). Those factors are: the offender's age; prior criminal record; the age of the victim; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; whether the offender previously has been convicted of or pleaded guilty to any criminal offense; whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense; whether the offender participated in available programs for sex offenders; whether the offender suffers from any mental illness or disability; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender displayed or threatened cruelty during commission of the offense; and whether there are any additional behavioral characteristics that contributed to the offender's conduct.
In his first assignment of error, defendant claims the trial court violated his procedural due process rights. Specifically, defendant argues that the trial court failed to conduct a lawful sexual predator hearing, as the court admitted only two documents into evidence. The first document was the indictment charging defendant with felonious penetration and gross sexual imposition, and the second was defendant's plea to attempted felonious penetration. Defendant further argues that it was improper for the trial court to rely upon its own recollection of the facts of the offense without stating precisely what that recollection was, as well as relying upon the statements of the assistant prosecutor at the hearing.
This court disposed of a similar argument in State v.Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported. Therein, this court held:
 * * * Appellant contends that in order for a trial court to conduct a "legitimate" sexual predator hearing, the parties must either stipulate to the facts or the state must call witnesses thereby allowing the defense to conduct a meaningful cross-examination. Appellant takes the position that the facts presented by the state during the plea are not sufficient facts from which the trial court could base its decision that appellant is a sexual predator. We disagree, finding: (1) that in some cases it may not be necessary to call witnesses; and (2) in this case the admitted facts were sufficient for the trial court to find appellant a sexual predator by clear and convincing evidence.
 Cross-examination of the victim is not necessary for classification of convicted sex offenders if there is sufficient evidence in the record for the trial court to make its determination. * * * While the statute provides that "the offender and the prosecutor have the opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine expert witnesses," they are not required to do so. * * *
 In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court of Ohio held that the Ohio Rules of Evidence do not strictly apply to sexual predator hearing, and, accordingly, reliable hearsay, such as a presentence investigation report, may be relied upon by a trial court in making a sexual predator determination. Thus, it is not per se prejudicial error for a trial court to base its determination upon evidence which could not be cross-examined. * * * [Emphasis sic.]
Having reviewed the record, we are unable to conclude that the defendant was denied notice or the opportunity to be heard in violation of either the Fourteenth Amendment to the United States Constitution, or Article I of the Ohio Constitution. In this case, it is not disputed that defendant was notified of the time and location of the hearing. Moreover, defendant was represented by appointed counsel, who was afforded a full opportunity to present evidence and/or examine witnesses on defendant's behalf. As we noted in Bailey, R.C. 2950.09(B)(1) specifically provides the prosecutor an opportunity to testify at sexual predator hearings. In addition, neither the defense nor the prosecution is required to testify or examine witnesses, and hearsay, such as plea agreements, pre-sentence investigations, and the like, is admissible. Having examined the defendant's hearing through the framework of our state and federal due process analysis, we are unable to conclude that the defendant's procedural due process rights have been violated. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant argues that the trial court's determination finding him to be a sexual predator is contrary to the weight of the evidence. We agree.
A review of the record clearly shows that the trial court failed to offer even the barest analysis or findings in support of its determination declaring defendant to be a sexual predator. Essentially, the trial court offered no reasoning for its determination, placing this court in a position of guessing what factors the trial court relied upon, and why those factors clearly and convincingly show why the defendant is likely to re-offend.
As noted, a sexual predator is an individual who has been convicted of, or pleaded guilty to, committing a sexually oriented offense, and who is likely to commit one or more sexually oriented offenses in the future. Therefore, the key determination is whether or not there is clear and convincing evidence that defendant is likely to re-offend. Bailey, supra. With that in mind, we will review the trial court's treatment of each of the factors set forth in R.C. 2950.09(B)(2)(a) through (j).
While the trial court inquired of the defendant's age at the time of the offense, the court failed to explain how the defendant's age makes it more likely that he will re-offend. The trial court also inquired into the defendant's criminal record. In this case, defendant has only one other conviction, that being for misdemeanor drug abuse. Thus, unlike the defendants in Bailey
and Cook, the defendant in this case has no convictions for previous sexual offenses and no convictions or charges after the instant offense occurred, but before the time he was taken into custody. In any event, the trial court again failed to discuss why defendant's prior misdemeanor drug conviction makes it likely that he will commit additional sexually oriented offenses.
The victim in this case was ten years old at the time of the offense. While it might reasonably be assumed, given the nature of this crime, that younger victims are less likely to come forward with the details of such crimes, the trial court again failed to discuss why the victim's age makes it more likely that the defendant will re-offend. This offense also involved only a single victim, and there is no indication that either drugs or alcohol were used to facilitate the commission of the crime. While the trial court did not inquire whether the defendant had completed a sentence for his prior misdemeanor conviction, it was noted by the prosecutor that defendant had not yet participated in sex offender counseling as none was offered at the location at which defendant was then incarcerated.
There is no evidence that the defendant suffers from any mental illness or disability which might contribute to the commission of a future sexually oriented offense. In our previous decision, we explained that the sexual contact between the defendant and the victim occurred when the defendant placed one of his fingers into the victim's vagina while she was sleeping.Lewis, supra. There is no evidence of forced intercourse, and the evidence does not indicate that the contact between the defendant and the victim was part of a demonstrated pattern of abuse.
While there is no evidence that the defendant displayed cruelty during the commission of this offense, a post-sentence report prepared by the Adult Parole Authority did contain an allegation that the defendant told the victim to be quiet or he would kill everyone in the house. However, in response to the defendant's objection to that report, the trial court specifically stated that it had not read the post-sentence report, and that it was not admitting the report into evidence. As such, the record does not contain any evidence that the defendant made one or more threats of cruelty in conjunction with committing this offense. Finally, there is no evidence that any other behavioral characteristics of the defendant would render him likely to commit additional sexually oriented offenses.
It is not the responsibility or duty of this court to create a foundation for the trial court's ruling. In this case, the court failed to explain its decision both at the defendant's hearing, and later in its June 7, 1999, decision and entry. We are thus compelled to find the court's ruling to be against the manifest weight of the evidence. As such, we hereby sustain defendant's second assignment of error.
For the foregoing reasons, defendant's first assignment of error is overruled, and his second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court with instructions to conduct a new hearing and, thereafter, to issue a new decision which contains a discussion and analysis of the factors which support the court's determination.
Judgment affirmed in part, reversed in part, and causeremanded with instructions.
 ___________________________ PETREE, J.
TYACK, J., concurs. BRYANT, J., concurs separately.